Frank R. Crane, Appellant, v. Village of Roselle et al., Appellees.

## Gen. No. 5360.

1. EVIDENCE—*what incompetent upon value of attorney's fees.* Where services are performed by Chicago lawyers in obtaining the dissolution of an injunction in DuPage county, evidence as to what such services were reasonably worth in Chicago is incompetent.

2. EVIDENCE—*how what is reasonable attorney's fees determined.* To show what is a reasonable solicitor's fee it is not sufficient to show what is the reasonable and customary charge, merely; the inquiry should be what is usually and customarily charged and paid for like services in the court where such services were rendered, where the fee is the subject of contract or where the matter is between parties competent to contract.

3. EVIDENCE—*when courts not bound by, as to value of legal services.*

Courts may and are entitled to form an independent judgment on the question of solicitor's fees.

4. INJUNCTIONS—*what solicitor's fees should not be allowed as damages upon dissolution.* Where two solicitors are employed in obtaining the dissolution of an injunction, either of whom was competent, damages should not be assessed for more than what would have been a reasonable fee for one solicitor.

Bill in equity. Appeal from the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the April term, 1910. Reversed and remanded. Opinion filed October 18, 1910.

JOHN E. OWENS, for appellant; W. J. STAPLETON, of counsel.

F. A. RATHJE and WILLIAM R. BURLEIGH, for appellees.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Frank R. Crane filed a bill in equity to restrain the village of Roselle, the village trustees and the highway commissioners from proceeding with the construction of certain drains, which it was alleged would convey the sewage of the village into a certain stream of pure water running across complainant's farm, and which would pollute said stream and destroy its use by him in watering his live stock; and to restrain the defendants from trespassing on his land. He had a temporary injunction. The defendants answered denying that the drains in question were to be used as sewers or were to be connected with houses in the village, and alleging that the only purpose of said work was to carry off surface drainage. Defendants moved for the dissolution of the injunction. Affidavits and counter affidavits were filed; the motion was argued; the injunction was dissolved and the bill was dismissed without prejudice. By leave of court defendants filed a suggestion of damages asking an allowance of $500 for their solicitor's fees in procuring a dissolution of the injunction. Crane appealed to the Supreme Court where the decree was affirmed on the ground that the allegations of

the bill were not proven by such clear and satisfactory evidence as to warrant sustaining the temporary injunction. Crane v. Village of Roselle, 236 Ill. 97. Thereafter by leave of the circuit court the suggestion of damages previously filed was amended so as to claim in addition $250 for solicitor's fees for the defendants in the Supreme Court and $200 for expenses caused to defendants by the injunction. On a hearing of the suggestion of damages the court denied the claim for solicitor's fees in the supreme court; allowed defendants $500 for their solicitor's fees in procuring a dissolution of the injunction, and $150 for expenses caused to the village by the injunction. Crane prosecutes this appeal from that order.

The evidence is insufficient to support the allowance for solicitor's fees. Defendants employed two solicitor's practicing in Chicago and the testimony related quite as much to what would be a reasonable fee in Chicago as to the reasonable fee for such services in DuPage county where the litigation was. All the testimony concerning usual and customary charges for such services in Chicago was immaterial. Defendants employed two solicitors, not partners, and it is obvious from their testimony that either one of them was entirely competent to attend to this case alone, and while defendants had a right to employ as many solicitors as they chose, complainant could not be required to pay more solicitor's fees than were reasonably necessary to conduct the litigation for defendants. Defendants did not prove how much they agreed to pay their solicitors, nor that there was no contract fixing the compensation. If the price was previously fixed by agreement defendants could not recover more from Crane. Defendants did not prove that they had not paid their solicitors in full nor how much they paid them. If defendants paid their solicitors in full they could recover from complainant no more than the amount so paid. Defendants proved in general terms that $500 or some larger sum was the usual and customary charge for such services in DuPage county as these two solicitors rendered. This is not sufficient, as held by us in Chicago & Southern Traction

Co. v. Gaines, 129 Ill. App. 160, on page 166, where authorities are cited. The inquiry should be what is usually and customarily charged and paid for like services in the court where said services were rendered, where the fee is the subject of contract or where the matter is between parties competent to contract. In other words, if the defendants had gone to competent solicitors who practice law in DuPage county, and sought to make a contract with them for such services, upon what terms as to compensation would competent solicitors have accepted the employment? The course pursued here would permit friendly attorneys who are likely to be interested themselves in fees for legal services to fix the compensation by what they would like to have rather than by the same fee for which they would contract to do the services themselves if they knew that the party could employ others. We are of the opinion that the estimates of the witnesses were extravagant. The village of Roselle had at the time less than 300 inhabitants. The matter was within a small compass and could not require a great deal of time for sufficient preparation. The hearing occupied about three hours. Complainant is not required to pay for the time taken by these Chicago lawyers in going from Chicago to the place of holding court on the many occasions testified to by them. We cannot conceive that it was reasonably necessary for one of these solicitors to spend twenty days and the other ten days upon this motion to dissolve the injunction. While the opinions of witnesses as to the value of such services are receivable and are entitled to due weight the courts are also well qualified to form an independent judgment on such questions. Goodwillie v. Millimann, 56 Ill. 523; Metheny v. Bohn, 164 Ill. 495. It is the duty of the courts to see that due regard is given to the rights and interests of the parties to the suit and that their decrees do not represent merely extravagant opinions of the attorneys interested in the general subject as to what would be just and proper in a given case. McMannomy v. C. D. & V. R. R. Co., 167 Ill. 497. We are of opinion that $500 was an excessive allowance against complainant for these services.

The opinion of the court dissolving the injunction was announced on November 15. For some reason the order was not signed until November 29. The proof seems to show that on December 10 one of the ditches was still open and uncovered with tile in the bottom. The decree finds that the ground became frozen and that the title was covered by the village with frozen ground and that because this material was frozen the frost penetrated to and destroyed a certain number of feet of tile and it became necessary in the following spring to open the ditch and remove the tile and lay new tile; and the court allowed $150 for that expense. We do not think that the proof shows that complainant should be held responsible for that loss. If it was too late in the season to properly cover these tile, they should not have been covered till the following spring. Apparently the loss was due to the negligence of the village in covering the tile with frozen earth so late in the year. Moreover, no one proved what the village expended in having this work done the following spring. A witness testified that he had seen the bills rendered for the work. This was merely hearsay, and there was no other proof. The proof did not warrant the allowance of the $150.

The order is therefore reversed and the cause remanded.

*Reversed and remanded.*