286

David T. Alexander, Appellee, v. Charles H. Stern and Faye Stern, Appellants.

Gen. No. 33,219.

Opinion filed April 1, 1929. Rehearing denied and opinion modified April 13, 1929.

LEE D. MATHIAS and CLYDE L. TODD, for appellants.

No appearance for appellee.

Mr. Justice McSurely delivered the opinion of the court.

By this appeal defendants seek the reversal of a judgment against them for $300 entered upon trial by the court in an action in assumpsit for attorney's fees.

Plaintiff asserts that he rendered services in connection with the trial in Grand Rapids, Michigan, of an action in which Faye Stern, one of the defendants here, was the plaintiff, against the Whitcomb Hotel Company, in which she sought to recover damages for personal injuries sustained.

The defendants claim that plaintiff cannot recover because his services were gratuitous. The defendants are brother and sister, and the wife of plaintiff is their sister. The families were formerly on good terms with each other, and upon this relationship and intimacy defendants base their claim that the services were gratuitous. Whether this defense was established depends upon the credibility of the witnesses.

Plaintiff testified that he was an attorney, practicing in Chicago for 20 years; that he had a conversation in his office with Charles Stern regarding the case pending at Grand Rapids; that he had a number of conversations with Charles and it was agreed that plaintiff should accompany the defendants to Grand Rapids and participate in the trial; that while defendants and plaintiff were on the train and in Grand Rapids the matter was again discussed. Defendants' Chicago attorney of record in the Michigan suit was Lee Mathias, who had employed a local attorney in Grand Rapids, a Mr. Cleland. Plaintiff testified that in the conversation with defendants they informed him that Mathias could not attend the trial, as he was ill, and that they did not know the local counsel, Mr. Cleland, and wished plaintiff to represent them in the trial; that plaintiff then said that it must be distinctly understood that he was to be paid for his services, and that Charles Stern,

in the presence of his sister Faye, said: "You need not worry about what you will get paid. You will get paid. . . . We don't know who the local counsel is and haven't much confidence in him. You go ahead and do the best you can, David, and you will get your money." Plaintiff replied that he was not content to get promises every time he did any work for Charles Stern or the family, and Charles answered that he "would see to it that I got my money and was paid immediately, or shortly after the case was heard or tried." Plaintiff then asked Faye Stern if she understood this, and she replied, "Anything Charlie says is all right with me."

The substance of this conversation was denied by both defendants. They admitted numerous conversations with plaintiff about the case, but said that he was merely to testify for them as a witness and that they promised if he would do this they would pay his hotel and railroad expenses.

Plaintiff testified that at the trial he was introduced as an associate counsel with Mr. Cleland and on motion was admitted to take part in the proceedings; that he participated in the selection of the jury, examining three-fourths of them, and was present throughout the trial; that he examined witnesses and cross-examined every witness for the defense; that Cleland did not cross-examine a single witness; that the trial lasted two and a half days, and he was present every minute of the time; that he made the closing argument to the jury, speaking over an hour and a half; that he spent practically one day with Cleland in his office in preparation. He testified very positively that he did not testify as a witness in the cause.

There is no substantial denial of plaintiff's testimony that he participated in the Michigan trial. Defendants testified that he testified as a witness and addressed the jury for a short time.

The trial court accepted plaintiff's version of the matter, being moved thereto not only by the probabilities of the respective stories and by the appearance of the parties while testifying, but also by the substantial testimony that plaintiff took a major part in the trial of the Michigan case. It is reasonable to conclude that such services would be rendered only in anticipation of compensation. We cannot say that the conclusion of the trial court in this respect is manifestly against the weight of the evidence.

The trial is criticized in that the plaintiff called upon one of the municipal court judges of Chicago to testify as an expert witness as to the value of plaintiff's services. We cannot too strongly condemn the practice, if it is the practice, of calling upon judges to testify as to the value of solicitors' services. If the record showed that the finding of the trial judge in this respect was based upon the testimony of the municipal court judge, we would not hesitate to set the judgment aside. However, there was competent and proper evidence by an attorney as to the reasonable value of the services. Furthermore, plaintiff sought to recover $450, but the court allowed him $300, and as defendants do not question this amount, the impropriety of calling upon the municipal court judge to testify as a witness will not compel a reversal.

Defendants say that it was error to admit expert testimony of Chicago attorneys as to the value of plaintiff's services for the reason that such services were rendered in Michigan and therefore the witnesses were not qualified to testify as to such services, citing *Wilson v. Hart,* 129 Ill. App. 329, and *Crane v. Roselle,* 157 Ill. App. 595. These cases are not controlling. In the first case the services were rendered in Arizona by the plaintiff lawyer, a resident of Detroit, Michigan. The second case involved the fees to be allowed by the court in a chancery proceeding and the decision was

based largely on the conclusion that the fees claimed covered an unreasonable amount of time occupied by the solicitors upon the motion to dissolve the injunction. In the instant case all the parties were residents of Chicago, the plaintiff was a practicing attorney here, and the contract of employment and for compensation was made in Chicago. We must therefore assume that the parties contemplated that the rate of compensation would be the usual rate paid for such services in Chicago.

We see no sufficient grounds for reversal, and the judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.