**J. Kentner Elliott, Appellee, v. Dan H. Brown and Margretta Brown, Appellants.**

**Gen. No. 45,798.**

Opinion filed February 10, 1953. Released for publication March 24, 1953.

JOHN H. ROSER, of Chicago, for appellants.

PARKHILL & LUKEN, of Chicago, for appellee.

MR. JUSTICE TUOHY delivered the opinion of the court.

Plaintiff, an attorney at law licensed to practice in the State of Illinois, brought suit against defendants in the superior court of Cook county for the reasonable value of legal services performed. The cause was heard by a court and jury and a verdict in favor of plaintiff returned in the sum of $2,600. From judgment on this verdict defendants appeal.

The services were allegedly performed by plaintiff in three different lawsuits: *Wisner v. Brown,* which was settled in the course of trial in the circuit court of

Cook county; *Brown v. Prince,* tried in the District Court in Tulsa, Oklahoma, and appealed to the United States Circuit Court of Appeals (Tenth Circuit); and *Prince v. Brown* in the circuit court of Grundy county, Illinois.

It is not argued here that the verdict is against the manifest weight of the evidence, so that a detailed review thereof becomes unnecessary.

It is urged that prejudicial error was committed by the court in rulings on evidence and argument which served to deprive defendants of a fair trial. The contention to which we attach the most importance is that prejudicial error occurred in permitting the opinion of the Circuit Court of Appeals in *Brown v. Prince* to be read to the jury and in comments upon the transcript of the trial record and upon the opinion of the Circuit Court of Appeals, in final arguments to the jury, by counsel for plaintiff.

In *Brown v. Prince,* tried in Tulsa, Oklahoma, the Browns, defendants here, were represented by Elliott, the present plaintiff. The Browns were there seeking to recover damages arising out of an alleged breach of a contract wherein defendants agreed to purchase for $250,000 certain mill property which the Browns owned at Morris, Illinois. Defendants there were E. B. Prince, her husband George W. Prince, and William H. J. Harris. E. B. Prince maintained that at the time she signed the contract for the purchase of this real estate she had done so, not in her individual capacity, but as a member of a syndicate, and that she had refused to sign the instrument until she had been assured by Brown that she would incur no personal liability. She was corroborated in this respect by the other co-defendants. Brown maintained that no such assurance had ever been given by him. The case was tried by the court without a jury, and the judge, in deciding the issues for defendants, found representations had been

431

made by Brown to the defendant E. B. Prince that she would not be personally liable on the contract. The United States Circuit Court of Appeals, in commenting upon this aspect of the case, said that this finding "is not clearly erroneous, due regard being had for the opportunity of the trial court to appraise the credibility of the witnesses, and determine the weight to be given to their testimony."

■ In his final argument counsel for Elliott said, among other things: "Brown sat up there on the stand and told you under oath about what a poor man he was; and Mrs. Brown tried the same sort of stuff. They had to sell their furniture to raise money to pay fees. * * * It isn't a fact. * * * If they said it to him as they claim, they were lying at that time. If they didn't say it to him, they were lying when they testified before you. * * * I want you to see the record at page 5; that the Browns owned this mill down there at Morris upon which they themselves put a value of $250,000." Later in the same argument, counsel for Elliott, referring to the Tulsa case, said: "That man doesn't tell the truth. He didn't tell the truth in Tulsa and the Judge so found. He didn't tell the truth here; and you ladies and gentlemen will so find." It is complained first that the argument, which was susceptible to the implication that defendant was a rich man because he had owned mill property at Morris, Illinois, worth $250,000, was prejudicially erroneous. In a transcript of the evidence of the Tulsa trial which was filed in the Circuit Court of Appeals appears the contract between Brown and the Princes, indicating that Brown was to receive $250,000 for the Morris, Illinois, mill. The transcript was admitted to show the nature and extent of plaintiff's service in the Tulsa trial. Objection to the argument predicated on both the Tulsa trial record and Circuit Court of Appeals opinion was raised in the motion for new trial,

and we agree with defendants' contention that such argument was erroneous and prejudicial.

The question of the wealth or poverty of defendants was not in issue, and an argument designed to persuade the jury that the defendants were worth at least a quarter of a million dollars was calculated to influence a verdict by a consideration of improper factors. Plaintiff maintains that this argument was justified because it was in answer to defendants' argument that Brown was a small business man who was charged "the price that John D. Rockefeller and Andrew Mellon would have to pay in a big law office." While the inference argued by defendants was questionable, it did not justify plaintiff's going so far beyond the material issues in rebuttal. While we would be hesitant to reverse this judgment on this single improper argument, a second and more serious error was introduced by the question raised as to Brown's credibility, namely, the statement that defendant "doesn't tell the truth. He didn't tell the truth in Tulsa; and the Judge so found. He didn't tell the truth here; and you ladies and gentlemen will so find."

Counsel seeks to justify this argument because during the course of the trial an attempt was made in cross-examination of Elliott to establish that the Tulsa case was lost by virtue of the latter's professional failures. Plaintiff contends that such argument renders it permissible for him to show the real reason for the loss of the case, which he asserts was because Brown perjured himself on the stand, which fact, plaintiff insists, was attested both by the record of the Tulsa trial and the opinion of the Circuit Court of Appeals in that case.

 We are not impressed with this position. In the first place there was no competent evidence in this record which could form the basis for such an argument. The admission of the transcript of the Tulsa

case was competent only for the limited purpose of establishing the amount and character of the work done by Elliott as a basis for placing a value on his services. It was not proper for the purpose of proving either the wealth or poverty of the defendants or the truth or falsity of any testimony given on the former trial. The trial court, in cases involving attorney's fees, should permit no extraneous argument to be based upon documents competent only as bearing on the value and extent of services performed, should carefully instruct as to the limited purpose of their reception in evidence, and in the exercise of sound discretion should not permit such documents to be taken to the jury room.

Moreover, from our reading of the transcript of the Tulsa case and the opinion of the Circuit Court of Appeals, we do not conclude that it has been judicially determined that Brown lied under oath as plaintiff charged. No such issue was there before the court. The trial court's finding and the Circuit Court of Appeals' decision were merely opinions that the weight of the evidence in the case under consideration favored defendants. There were three interested witnesses testifying on one side on a controverted question of fact, and one interested witness on the other. We have no doubt that the court on this close factual question was influenced by the number of witnesses appearing on the one side; but we think it an unwarranted conclusion that because the court resolved this contested issue of fact against Brown, that this was equivalent to holding that he had committed perjury. But, assuming Brown lied there, that fact could not be shown or argued to affect his credibility in subsequent litigation involving altogether different subject matter. While it is proper to reflect upon the credibility of a witness by showing that his reputation for truth and veracity in the neigh-

borhood where he lives is bad, it is not permissible to reflect upon his credibility by establishing that on a former occasion he lied about an entirely unrelated matter.

Inasmuch as this case must be reversed and remanded and a new trial had, we shall attempt to dispose of further questions which may occur on another trial.

██ Defendants argue that the court erred in admitting into evidence plaintiff's time sheets. It appears that Elliott had made memoranda of services performed in each of these cases which he had placed in a file; that some time later he transcribed the memoranda to what he called a "posting sheet," and destroyed the memoranda. While he does not state in so many words that the original memoranda were made at the time the services were rendered, we think it a fair inference from his testimony that the memoranda were made at or about that time. All this data was compiled about a year prior to the time this suit was instituted. The items of services indicated on the memoranda were testified to by plaintiff as having been performed. We think there was no error in admitting the posting ledger sheet supplemented as it was by the oral testimony of plaintiff.

██ ██ Complaint is made of hypothetical questions asked of plaintiff's experts. On the basis of any objections argued here we find no reversible error in permitting the answers to these questions to stand. *Peirce v. Sholtey,* 180 Ill. App. 581, 583. The contention is made that since two of the cases were pending outside of Cook county, one in Grundy county and the other in Denver, the usual, customary and established fees of Chicago lawyers are irrelevant. We do not agree with this contention. *Alexander v. Stern,* 252 Ill. App. 286.

**■■■■** Claim is made that the court erred in denying admission of certain documentary evidence. Prior to the time of the trial plaintiff served notice on the defendants to file a sworn list of documents under Supreme Court Rule 17 [Ill. Rev. Stats. 1951, ch. 110, par. 259.17; Jones Ill. Stats. Ann. 105.17]. Defendants elected to file a list of documents under schedule 2, that is, documents which they were unwilling to exhibit. Before trial plaintiff made a motion that the documents be exhibited, and upon objection the court which heard the motion refused to require their production. Later they were offered by defendants on the trial of the cause, and the trial court refused to allow them in evidence. We think they were properly denied admission (Rule 17, par. (6), Rules of Supreme Court).

**■■■■** Defendants further contend that they were unduly restricted in offering proof by virtue of a ruling on an amended pleading. After the jury was impaneled, but before opening statements were made, counsel for defendants made a motion to amend the answer. The amendment consisted of an allegation specifically denying that plaintiff had reasonably expended the amount of time for which he sought payment. After considerable discussion leave was granted that such an amendment be filed. We do not see how defendants were prejudiced by the ruling. As a matter of fact it was plaintiff who complained to the court below of the ruling, urging that he was taken by surprise by the amendment dilatorily filed after the jury had been impaneled. Inasmuch as this case is to be tried again, opportunity will no doubt be afforded both sides to permit any reasonable amendment in the pleadings, as well as full opportunity for the production and inspection of all documents in compliance with Rule 17.

436

The judgment of the superior court of Cook county is reversed and the cause remanded for a retrial in accordance with the views herein expressed.

*Judgment reversed and cause remanded.*

ROBSON, P. J. and SCHWARTZ, J., concur.